## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:

Kristine Karmen Samuelson,

Debtor.

Chapter 7
Case No. 18-41885

Erik A. Ahlgren, Trustee

Plaintiff,

v.

Richard Baumgartner, and
Laurene Baumgartner

Defendants.

Adv. Pro. 18-04135

## NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

TO: William P. Kain, 13 Seventh Avenue South, St. Cloud, MN 56301, attorney for Defendants.

### NOTICE OF MOTION

The court hold a hearing on this motion at 9:00 a.m. on Monday, December 17, 2018 before the Honorable Kathleen H. Sanberg, Chief Judge, in Courtroom 8 West, US Courthouse, 300 South Fourth Street, Minneapolis, Minnesota, 55415 or as soon thereafter as counsel may be heard. Any response to this motion must be filed and served by delivery or mail not later than **Wednesday, December 12, 2018,** which is five days before the time set for the hearing (including Saturdays, Sundays, and legal

holidays) **UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.**

MOTION

Erik A. Ahlgren, the trustee in the above referenced bankruptcy case and the plaintiff herein, respectfully requests that the court enter summary judgment against Defendants declaring as follows:

A. the Debtor is the title owner of the 2002 Ford Thunderbird, 3.9 Liter V8 (VIN 1FAHP60A92Y107133)(the "Thunderbird"),

B. the title creates a conclusive presumption that the Debtor is the owner of the Thunderbird, and

C. the Thunderbird is property of the Debtor's bankruptcy estate within the meaning of 11 U.S.C. §541.

In support of this motion, the Trustee has filed a memorandum of facts and law concurrent herewith.

                                                Ahlgren Law Office, PLLC

Dated: November 6, 2018        /e/Erik A. Ahlgren
                                          Attorney #191814
                                          220 West Washington Ave, Ste 105
                                          Fergus Falls, MN 56537
                                          Office: 218-998-2775
                                          Fax: 218-998-6404
                                          erik@ahlgrenlaw.net

                                          ATTORNEY FOR TRUSTEE

**Verification**

I, Erik A. Ahlgren, the moving party named in the foregoing notice of hearing and motion, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

Dated: November 6, 2018                Signed:  /e/ Erik A. Ahlgren

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: <br><br> Kristine Karmen Samuelson, <br><br> Debtor. | Chapter 7 <br> Case No. 18-41885 |
| Erik A. Ahlgren, Trustee <br><br> Plaintiff, <br><br> v. <br><br> Richard Baumgartner, and <br> Laurene Baumgartner <br><br> Defendants. | Adv. Pro. 18-04135 |

**MEMORANDUM OF FACTS AND LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

## INTRODUCTION

Erik A. Ahlgren, the trustee in the above referenced bankruptcy case and the plaintiff herein (the "Trustee"), submits this Memorandum of Facts and Law in support of his motion for summary judgment against Defendants Richard Baumgartner and Laurene Baumgartner (the "Defendants").

## STATEMENT OF ISSUE

Whether the title creates a conclusive presumption that the Debtor is the owner of the 2002 Ford Thunderbird, 3.9 Liter V8 (VIN 1FAHP60A92Y107133)(the "Thunderbird")?

## STATEMENT OF UNCONTESTED FACTS

1. The Trustee is the duly-appointed Chapter 7 Trustee of the bankruptcy estate of the Debtor.

2. The Debtor is an individual residing at 9580 194th Court, Becker, MN.

3. The Defendants, Richard and Laurene Baumgartner, are the Debtor's parents and also live at 9580 194th Court, Becker, MN.

4. The Thunderbird is titled solely in the name of the Debtor. See Exhibit A.

## LEGAL ARGUMENT

### Standard for Summary Judgment

Summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure, and made applicable to this adversary proceeding by Bankruptcy Rule 7056. Federal Rule 56 provides:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

An issue of material fact is genuine if it has a real basis in the record. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587(1986).

**Burden of the Moving Party**

Procedurally, the movant has the initial responsibility of informing the court of the basis for its motion and identifying those parts of the record which show a lack of genuine issue. *Celotex Corp.*, 477 U.S. 317 (1986). Also, the moving party must show the court that there is an absence of evidence to substantiate the nonmoving party's case. *Id*. at 325.

The movant discharges its burden by asserting that the record does not contain a triable issue and identifying that part of the record which supports the moving party's assertion. *City of Mt. Pleasant, Iowa v. Ass'n Elec. Coop.*, 838 F.2d 268, 273 (8th Cir.1988)

When the moving party has carried its burden under Rule 56(c), the burden of production shifts to the non-moving party, and it must do more than simply show there is some metaphysical doubt as to the material facts. *Matsushita*, 475 U.S. at 586.

**Declaratory Judgment**

The Bankruptcy Court is a court of equity and has authority to enter declaratory judgment finding that the Thunderbird is property of the Debtor's bankruptcy estate within the meaning of 11 U.S.C. §541. Declaratory judgment is justified because there is a substantial controversy between the parties of sufficient immediacy and reality to warrant the issuance of declaratory judgment. In particular, the Trustee has requested turnover of the Thunderbird, but the Debtor and Defendants have, to date, failed or refused to turnover the vehicle.

## Minnesota Law Requires a Finding That the
## Thunderbird is Owned by the Debtor

Under Minnesota law, there is a conclusive presumption that the person listed as the owner on a vehicle's certificate of title is the owner of the vehicle. *American Nat'l Gen. Ins. Co. v. Solum*, 641 N.W.2d 891, 899 (Minn. 2002). The presumption is based on the Motor Vehicle Certificate of Title Act, which was enacted in 1971 and is codified at Minn. Stat. § 168A.10. *Id.* at 895. Prior to 1971, a certificate of title was only prima facie evidence of vehicle ownership, which gave rise to a presumption that was rebuttable rather than conclusive on the issue of ownership. *Id.* at 896. The Motor Vehicle Certificate of Title Act changed the presumption from rebuttable to conclusive. *Id.* at 899. One of the purposes of the Motor Vehicle Certificate of Title Act was to provide a single filing system of vehicle registration similar to the Torrens system for the registration of title to real estate. *Id.* at 899.

The Minnesota Supreme Court has rejected the argument that extrinsic evidence may be used to overcome the presumption that the person listed as the owner on a vehicle's title is the owner of the vehicle. In *Solum,* Paul Solum claimed that, even though Helen Solum appeared as the titleholder, the vehicle was actually owned by their son Daniel. He claimed that Daniel: (i) paid for the vehicle, (ii) paid for the insurance on it, (iii) paid for all maintenance and repairs, (iv) paid for all registration and license tabs, and (v) exercised complete dominion and control over the vehicle. *Id.* at 893. However, the Minnesota Supreme Court determined that these factors were irrelevant. *Id.* at 899.

Under Minnesota law there are only two situations where it is permissible to introduce extrinsic evidence to rebut the presumption of ownership created by a vehicle title. First, "where a transferor who had not complied with the transfer provisions of the Motor Vehicle Act was attempting to avoid vicarious liability," extrinsic evidence was

permitted to rebut the presumption of ownership. *Id.* at 897. Second, extrinsic evidence is admissible to rebut a liability claim under the compulsory insurance provisions of Minn. Stat. 65B.48, the Minnesota No Fault Act. *Id.* at 898. Because neither of these two exceptions are applicable in the present case, under Minnesota law there is a conclusive presumption that the Debtor, who is listed as the owner on the vehicle title, is the owner of the vehicle.

Minnesota law will govern the Debtor's ownership interest in the Thunderbird, even in bankruptcy. See *In re Lumbar*, 457 B.R. 748 (8th Cir. B.A.P. 2011)(property interests are determined by state law). For example, in *Kanuit v. United States Dept. of Treasury Internal Revenue Service (In re Lien),* 415 B.R. 715, 781 (Bankr. D. Minn. 2009), Judge Kishel explained that where there is a dispute over ownership of a vehicle he would be compelled to rely on the certificates of title because under Minnesota law the "presumption of ownership from status of record title is 'for the most part conclusive.'" *Id.* at 718 n. 3; *citing Solum* 641 N.W.2d at 899. While the court in *In re Johnson*, 210 B.R. 153 (Bankr. D. Minn. 1997) held that a certificate of title creates a rebuttable presumption of ownership, that determination was made five years prior to *American Nat'l Gen. Ins. Co. v. Solum*, 641 N.W.2d 891 (Minn. 2002), and should not be followed because (a) the holding is non-binding precedent, and (b) is contrary to the law established by the Minnesota Supreme Court in *Solum*.

## CONCLUSION

Based on the foregoing, the Trustee is entitled to an order of the court declaring that (a) the Debtor is the title owner of the 2002 Ford Thunderbird, 3.9 Liter V8 (VIN 1FAHP60A92Y107133), (b) the title creates a conclusive presumption that the Debtor is the owner of the Thunderbird, and (c) the Thunderbird is property of the Debtor's bankruptcy estate within the meaning of 11 U.S.C. §541.

|  |  |
|---|---|
|  | Ahlgren Law Office, PLLC |
| Dated: November 6, 2018 | /e/Erik A. Ahlgren<br>Attorney #191814<br>220 West Washington Ave, Ste 105<br>Fergus Falls, MN 56537<br>Office: 218-998-2775<br>Fax: 218-998-6404<br>erik@ahlgrenlaw.net<br><br>ATTORNEY FOR TRUSTEE |

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:

    Kristine Karmen Samuelson,       Chapter 7
    Case No. 18-41885

    Debtor.

Erik A. Ahlgren, Trustee

    Plaintiff,

v.       Adv. Pro. 18-04135

Richard Baumgartner, and
Laurene Baumgartner

    Defendants.

## FINDINGS OF FACTS, CONCLUSIONS OF LAW AND ORDER

Based upon all the files and records of the proceedings herein, the court makes the following findings of fact, conclusions of law and order:

**Findings of fact:**

5.    The Trustee is the duly-appointed Chapter 7 Trustee of the bankruptcy estate of the Debtor.

6.    The Debtor is an individual residing at 9580 194th Court, Becker, MN.

7.    The Defendants, Richard and Laurene Baumgartner, are the Debtor's parents and also live at 9580 194th Court, Becker, MN.

8.    The Thunderbird is titled solely in the name of the Debtor.

**Conclusions of law:**

1. Summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure, and made applicable to this adversary proceeding by Bankruptcy Rule 7056. Federal Rule 56 provides:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

An issue of material fact is genuine if it has a real basis in the record. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587(1986).

2. The movant has the initial responsibility of informing the court of the basis for its motion and identifying those parts of the record which show a lack of genuine issue. *Celotex Corp.*, 477 U.S. 317 (1986). Also, the moving party must show the court that there is an absence of evidence to substantiate the nonmoving party's case. *Id.* at 325.

3. The movant discharges its burden by asserting that the record does not contain a triable issue and identifying that part of the record which supports the moving party's assertion. *City of Mt. Pleasant, Iowa v. Ass'n Elec. Coop.*, 838 F.2d 268, 273 (8th Cir.1988)

4. When the moving party has carried its burden under Rule 56(c), the burden of production shifts to the non-moving party, and it must do more than simply show there is some metaphysical doubt as to the material facts. *Matsushita*, 475 U.S. at 586.

5.    The Bankruptcy Court is a court of equity and has authority to enter declaratory judgment.

6.    Declaratory judgment is justified because there is a substantial controversy between the parties of sufficient immediacy and reality to warrant the issuance of declaratory judgment. In particular, the Trustee has requested turnover of the Thunderbird, but the Debtor and Defendants have, to date, failed or refused to turnover the vehicle.

7.    Under Minnesota law, there is a conclusive presumption that the person listed as the owner on a vehicle's certificate of title is the owner of the vehicle. *American Nat'l Gen. Ins. Co. v. Solum*, 641 N.W.2d 891, 899 (Minn. 2002). The presumption is based on the Motor Vehicle Certificate of Title Act, which was enacted in 1971 and is codified at Minn. Stat. § 168A.10. *Id.* at 895. Prior to 1971, a certificate of title was only prima facie evidence of vehicle ownership, which gave rise to a presumption that was rebuttable rather than conclusive on the issue of ownership. *Id.* at 896. The Motor Vehicle Certificate of Title Act changed the presumption from rebuttable to conclusive. *Id.* at 899. One of the purposes of the Motor Vehicle Certificate of Title Act was to provide a single filing system of vehicle registration similar to the Torrens system for the registration of title to real estate. *Id.* at 899.

8.    Under Minnesota law there are only two situations where it is permissible to introduce extrinsic evidence to rebut the presumption of ownership created by a vehicle title. First, "where a transferor who had not complied with the transfer provisions of the Motor Vehicle Act was attempting to avoid vicarious liability," extrinsic evidence was permitted to rebut the presumption of ownership. *Id.* at 897. Second, extrinsic evidence is admissible to rebut a liability claim under the compulsory

insurance provisions of Minn. Stat. 65B.48, the Minnesota No Fault Act. *Id.* at 898. Because neither of these two exceptions are applicable in the present case, there is a conclusive presumption that the Debtor, who is listed as the owner on the vehicle title, is the owner of the vehicle.

BASED UPON THE FOREGOING, **IT IS ORDERED:**

D. the Debtor is the title owner of the 2002 Ford Thunderbird, 3.9 Liter V8 (VIN 1FAHP60A92Y107133);

E. the title creates a conclusive presumption that the Debtor is the owner of the Thunderbird, and

F. the Thunderbird is property of the Debtor's bankruptcy estate within the meaning of 11 U.S.C. §541.

**LET JUDGEMENT BE ENTERED ACCORDINGLY.**

Dated: _____

Kathleen H. Sanberg
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

| | |
|---|---|
| Kristine Karmen Samuelson,<br><br>Debtor. | Chapter 7<br>Case No. 18-41885 |

| | |
|---|---|
| Erik A. Ahlgren, Trustee<br><br>Plaintiff,<br><br>v.<br><br>Richard Baumgartner, and<br>Laurene Baumgartner<br><br>Defendants. | Adv. Pro. 18-04135 |

CERTIFICATE OF SERVICE

I, Lisa Ahlgren, declare that on November 6, 2018, she caused to be served the following documents to those parties requesting electronic notification by CM/ECF in connection with the above-referenced matter:

   Notice of Motion and Motion for Summary Judgment

And by sending true and correct copies via USPS postage prepaid to:

| Richard Baumgartner<br>9580 194th Court SE<br>Becker MN  55308 | Laurene Baumgartner<br>9580 194th Court SE<br>Becker MN  55308 |
|---|---|

Executed on: November 6, 2018        Signed: /e/ Lisa Ahlgren_____
                                                                    Lisa Ahlgren